No. _____

## IN THE COURT OF CRIMINAL APPEALS

_____

## DAMIEN GUERRERO

## V.

## THE STATE OF TEXAS

**Appellant's Petition for Discretionary Review of the Decision of the Second Court of Appeals in Cause No. 02-13-00611, Affirming the Judgment of the Trial Court in Cause Number 1263552D In Criminal District Court No. 4 of Tarrant County, Hon. Mike Thomas, Presiding.**

-----------------------------------------------------------------------------------------

## <u>APPELLANT'S PETITION FOR REVIEW</u>

BARRY G. JOHNSON
State Bar. No. 10683000
2821 E. Lancaster
Ft. Worth, Texas 76103
Barrygj@aol.co,
817-531-9665
817-534-9888 FAX
Attorney for Appellant

RECEIVED IN
COURT OF CRIMINAL APPEALS

July 1, 2015

ABEL ACOSTA, CLERK

Now comes appellant, Damien Guerrero, and files this Petition for Discretionary Review, and would show this Honorable court the following:

## IDENTITY OF JUDGE,PARTIES, AND COUNSEL

Trial Judge: Honorable Mike Thomas.

Appellant is Damien Guerrero.

The State of Texas prosecuted the case.

Trial Counsel for the state: Paige Simpson and Mark Thielman, Assistant District Attorneys of Tarrant County, 401 W. Belknap, Fort Worth, Texas 76196.

Trial Counsel for the defense: Terry Barlow, 1100 E. Weatherford, Fort Worth, Texas 76101, and Dominic Bauman, 6207 Airport, Freeway, Ft worth, Texas 76117.

Appellate Counsel for the state: Charles Mallin, Assistant District, Attorney of Tarrant County, 401 W. Belknap, Fort Worth, Texas 76196.

Appellate Counsel for the defendant: Barry G. Johnson, 2821 E. Lancaster, Fort Worth, Texas 76103.

# TABLE OF CONTENTS

| | Page |
|---|---|
| Identity of judge, parties and counsel | 2 |
| Table of Contents | 3 |
| Index of Authorities | 4 |
| Statement Concerning Oral Argument | 5 |
| Statement of the Case | 5 |
| Statement of Procedural History | 5 |
| Questions Presented | 5 |
| Argument | 6 |
| Prayer for Relief | 11 |
| Appendix (attached as pdf) | |

# TABLE OF AUTHORITIES

**Page**

*Brooks v. State*
   323 S.W.3d 893(Tex. Crim. App. 2010). ……………..   10

*Williams v. State*
   235 S.W.3d 742, 750. Tex. Crim. App. 2007)………..   10

**APPELLANT'S PETITION FOR REVIEW – Page 4**

## STATEMENT CONCERNING ORAL ARGUMENT

Appellant contends that oral argument would be helpful to the court in unraveling the complex testimony and claimed gaps in the proof that appellant claims are present.

## STATEMENT OF THE CASE

Appellant was convicted of sexual assault of a child and indecency with a child and was sentenced to seven years incarceration for each offense.

## STATEMENT OF PROCEDURAL HISTORY

Date of the Court of Appeals decision: March 26, 2015.

Date of the Motion for Rehearing: April 10, 2015.

Date the ruling on the Motion for Rehearing disposed: April 30. 2015.

Date Petition for Discretionary review submitted: June 1, 2015.

Date that the Petition was returned unfiled: June 2, 2015.

Date given by the court to file corrected Petition: June 12, 2012 (ten days from June 2, 2012).

Date Motion for extension to file Petition for discretionary Review Filed: June 26, 2015.

## QUESTIONS PRESENTED FOR REVIEW

Is DNA evidence offered to prove that penetration occurred legally sufficient if neither the vaginal swab taken from the alleged victim nor the buccal

swab taken from the accused are specifically identified as having been tested and compared?

Was the evidence was legally sufficient to support the jury's verdict.

## STATEMENT OF THE CLAIMED ERROR IN THE OPINION

In its Opinion, on page 5, the court states the following:

"The forensic analyst said she recognized her initials on the buccal swabs and the vaginal swabs. Those were identified as State's Exhibits 24B and 24C. The buccal swab was specifically identified as State's Exhibit 24B. By the process of elimination, the vaginal swabs were State's Exhibit 24C."

## ARGUMENT AND AUTHORITIES

The court of appeals erred in concluding that the evidence was legally sufficient to support the jury's verdict. Rachel Burch did not specifically identify Exhibit 24 C as the vaginal swab, and therefore, the testimony of the alleged victim that vaginal penetration occurred was not corroborated by physical evidence. In addition, Appellant would show that the DNA analyst did not testify that the samples she testified to were Exhibits 27A and 27B, which were the known samples.

It is important to carefully examine the words used in the testimony of DNA analyst Rachel Burch concerning the Exhibits.

**APPELLANT'S PETITION FOR REVIEW – Page 6**

The Master Exhibit Index, Reporter's Record, Vol. 6, tells us that Exhibits 24 B and 24 C, are boxes. In other words the swabs themselves were not marked as evidence, but the boxes that contained the exhibits were marked.

Exhibit 24, admitted for purposes of the record only, and not for use by the jury, is described in the Master Exhibit List as "sexual assault kit", appears to be a sealed container in which Exhibit 24A through 24F were stored. RR. V. 3, p.3.

Ms. Burch testified that on March 28, 2012, she received an envelope from the Fort Worth Police Department that was labeled with the complainant's name. RR. V. 3, p.121. She stated that within that envelope was a box, and that she was asked to test the vaginal swabs and the buccal swabs of the complainant. RR, V.3, p.121. Ms. Burch testimony concerning the identification of the Exhibits was as follows:

Q.   (by Ms. Simpson) I'm going to show you what's been admitted as State's 24, for purposes of the record, and ask if you recognize anything on the outside of this packaging ?

A.   Yes, I do.

Q.   What do you recognize ?

A.   I recognize our lab number as well as my initials and  date.

Q.   And then State's 24A came from State's 24, and there are five items here that have been admitted, 24B, C , D, E and F And ask if you recognize any of the handwriting on those exhibits?

A: I recognize my initials and date as well as -–move the sticker—my initials and date on the buccal swabs for the reference as well as on the vaginal swabs.

Q. And that would be State's 24B and 24C?

A. Correct.

Q. But you do not have any handwriting on D, E, or F?

A. Correct.

Q. Okay. So you –State's 24 B is Complainant's buccal swab?

A. Correct.

Q. And you were asked to look at vaginal swabs as well?

A. Correct

Q. State's Exhibit 27 has two items inside, 27A and 27B. I'll ask you if you recognize any of the handwriting on 27A, or 27B?

A. I recognize initials and date on State's 27A and 27B.

RR, V. 3. pp.121-123

Q. And did you compare what was contained within the vaginal swab to the two buccal swabs that you had?

A. Yes, I did.

RR, V. 3. pp.121-123.

Maria Hinojosa testified that Exhibit 27A and 27B were swabs that were use to collect buccal samples from appellant. RR, V.3, p 80.

Although it is not disputed that samples were obtained from appellant, it should be noted that the Master Exhibit List refers to 27A and 27b as Envelopes.

RR, V.6. p.3. Ms. Hinojosa testified that sterilized Q-tips were used to collect saliva samples from appellant, which were his b buccal samples. RR,V.3, p.77. So, apparently, the envelopes marked as Exhibits 27A and 27B contained the Q-tips which were used to collect the buccal samples.

Ms. Burch testified that she recognized 27A and 27B, because of initials and date, but does not state whose initials she recognized.

Significantly, Ms. Burch did not specifically testify that 27A and 27B, or the contents contained therein, were the items that she tested for purpose of DNA analysis.

She did testify that a "reference was obtained from Damien Guerrero" was added to her table, or chart, for comparison purposes, RR, V.3, p.126) , but never stated that the data was obtained as the result of testing Exhibit 27 or 27A.

There is also some confusion as to the number of swabs that were obtained from the complainant. There is no testimony as to how many buccal and vaginal swabs were obtained from her. There was no testimony as to whether one swab was equal to one Q-tip.

Referring to the material tested that was obtained from the complainant, she testified that "we were asked to test the vaginal swabs" (plural) "and also the buccal swabs" (plural). RR, V.3, p. 121, Line 9.

**APPELLANT'S PETITION FOR REVIEW – Page 9**

Later on that page she used the singular and stated that for "that submission of evidence I was looking at a buccal swab from "the complainant".

Ms. Burch was asked the following:

"Q.     When you looked at the contents of the vaginal swab and compared it with the buccal swab of Damien Guerrero, did you make any conclusions?

A.     Yes, I did." RR, V.3, p.125-125.

She testified that her conclusion was that Damien Guerrero cannot be excluded as the contributor of the sperm fraction. RR, V.3, p.128.

The above summary and quotation from the testimony lead to two conclusions. There was no direct evidence that Exhibit 26C contained the vaginal swab of the complainant and there was no testimony that Exhibits 27A and 27B, known to be buccal swabs of appellant, were the swabs tested and compared to the vaginal swab of the complainant.

When the sufficiency of the evidence is challenged, an appellate court must view all evidence in the light most favorable to the verdict to determine if the jury was rationally justified in finding guilt beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893(Tex. Crim. App. 2010). The court must ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. *Williams v. State,* 235 S.W.3d 742, 750. (Tex. Crim. App. 2007).

In this petition we have attempted to demonstrate the problems with the DNA evidence in the trial.  In its opinion, the court conceded that it took the process of elimination to connect up the vaginal swab to Exhibit 24C.

With respect to the appellant's DNA, to determine that the analyst's conclusion that there was a match requires the court to fill in the blanks with testimony that was not presented to conclude that she did test 27A and 27B, because she did not testify to it.

In the State's closing argument, the importance of the DNA evidence was emphasized by the prosecutor's statement that first, appellant "left his sperm inside of her sexual organ."  Then, the prosecutor said that there "are 5.7 quintillion reasons to find this man guilty", quoting the statistic testified to by the DNA analyst as to the likelihood of appellant being the person whose DNA was found.

## CONCLUSION AND PRAYER

Because the gap in the state's proof is so wide and so significant, appellant prays that this Petition for Review be granted, and upon hearing, that this court reverse and render judgment of acquittal on all charges, or in the alternative , to remand this matter for a new trial on all charges, or, in the alternative, to render a judgment of acquittal as to the offense of aggravated sexual assault of a child, and

to remand the case for a new trial on the charge of Indecency with a Child, or for a

new punishment hearing on the offense of Indecency with a Child..

/s/ Barry G. Johnson
Barry G. Johnson

BARRY G. JOHNSON
State Bar. No. 10683000
2821 E. Lancaster
Ft. Worth, Texas 76103
Barrygj@aol.co,
817-531-9665
817-534-9888 FAX
Attorney for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon Sharen Wilson, Attorney for Appellee, by email, on this the 26th day of June 2015.

/s/ Barry G. Johnson
Barry G. Johnson

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document complies with the requirement oF T.R.A.P. 9.4(i)(3) and the word count is 1,906 as computed by the program in which this document was prepared.

/s/ Barry G. Johnson
Barry G. Johnson